COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




HANI TAHAT,


 Appellant,


v.



THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00347-CR



Appeal from the


243rd Judicial District Court


of El Paso County, Texas 


(TC# 20060D05429) 



MEMORANDUM OPINION


 Hani Tahat attempts to appeal his conviction for domestic assault causing bodily injury. 
Finding that Appellant has not timely filed his notice of appeal, or motion for an extension of
time, we dismiss the appeal for lack of jurisdiction.

 The record before us reflects that sentence was imposed in open court on June 28, 2007. 
Appellant filed a motion for new trial on October 14, 2007. Appellant's notice of appeal was
filed October 14, 2007. By letter dated December 6, 2007, the clerk of this Court notified
Appellant in writing of our intent to dismiss this appeal for want of jurisdiction. Appellant has
not responded to the Court's notice.

 A timely notice of appeal is necessary to invoke this court's jurisdiction. Olivo v. State,
918 S.W.2d 519, 522 (Tex.Crim.App. 1996). A criminal defendant's notice of appeal is timely if
filed within thirty days after the day the sentence was imposed in open court, or within ninety
days after sentencing if the defendant timely files a motion for new trial. Tex.R.App.P. 26.2(a);
Olivo, 918 S.W.2d at 522. A motion for new trial is timely if filed within thirty days of the date
sentence was imposed in open court. Tex.R.App.P. 21.4(a). Pursuant to Rule 26.3, a court of
appeals may grant an extension of time to file a notice of appeal if the notice is filed within
fifteen days after the last day allowed, and within the same period, a motion is filed with the
court of appeals reasonably explaining the need for the extension of time. Tex.R.App.P. 26.3;
Olivo, 918 S.W.2d at 522.

 Appellant's notice of appeal, or motion for new trial was due to be filed July 28, 2007,
thirty days after the date sentence was imposed in open court. See Tex.R.App.P. 26.2(a)(1); 
Tex.R.App.P. 21.4(a). Because Appellant did not do so, and has not filed a motion for extension
of time, this appeal was not perfected. Accordingly, we dismiss the appeal for want of
jurisdiction.



January 25, 2008

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.


(Do Not Publish)